B. WESTERMANN CO. (INC.) *v.* UNITED STATES (No. 3162) [1]

United States Court of Customs and Patent Appeals, April 29, 1929

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Kenneth G. Osborn*, special attorney, of counsel), for the United States.

[Oral argument April 4, 1929, by Mr. Place and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and GARRETT Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise, consisting of books for the use of children, was assessed for duty by the collector "as toy books without reading matter other than letters, numerals, or descriptive words," at 70 per centum ad valorem under paragraph 1414 of the Tariff Act of 1922, which reads as follows:

PAR. 1414. Dolls, and parts of dolls, doll heads, toy marbles, of whatever materials composed, air rifles, toy balloons, toy books without reading matter other than letters, numerals, or descriptive words, bound or unbound, and parts thereof, garlands, festooning, and Christmas tree decorations made wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads, and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for, 70 per centum ad valorem.

It is claimed by appellant that the books are dutiable at only 25 per centum ad valorem "as books of paper or other material for

[1] T. D. 43361.

children's use, printed lithographically or otherwise, not exceeding in weight twenty-four ounces each, with more reading matter than letters, numerals, or descriptive words," under paragraph 1310, which reads as follows:

PAR. 1310. Unbound books of all kinds, bound books of all kinds except those bound wholly or in part in leather, sheets or printed pages of books bound wholly or in part in leather, pamphlets, music in books or sheets, and printed matter, all the foregoing not specially provided for, if of bona fide foreign authorship, 15 per centum ad valorem; all other, not specially provided for, 25 per centum ad valorem; blank books, slate books, drawings, engravings, photographs, etchings, maps, and charts, 25 per centum ad valorem; book bindings or covers wholly or in part of leather, not specially provided for, 30 per centum ad valorem; books of paper or other material for children's use, printed lithographically or otherwise, not exceeding in weight twenty-four ounces each, with more reading matter than letters, numerals, or descriptive words, 25 per centum ad valorem; booklets, printed lithographically or otherwise, not specially provided for, 7 cents per pound; booklets, wholly or in chief value of paper, decorated in whole or in part by hand or by spraying, whether or not printed, not specially provided for, 15 cents per pound; all post cards (not including American views), plain, decorated, embossed, or printed except by lithographic process, 30 per centum ad valorem; views of any landscape, scene, building, place or locality in the United States, on cardboard or paper, not thinner than eight one-thousandths of one inch, by whatever process printed or produced, including those wholly or in part produced by either lithographic or photogelatin process (except show cards), occupying thirty-five square inches or less of surface per view, bound or unbound, or in any other form, 15 cents per pound and 25 per centum ad valorem; thinner than eight one-thousandths of one inch, $2 per thousand; greeting cards, and all other social and gift cards, including those in the form of folders and booklets, wholly or partly manufactured, with text or greeting, 45 per centum ad valorem; without text or greeting, 30 per centum ad valorem.

The merchandise is represented by 16 exhibits containing pictures designed to excite the interest of children; each picture is accompanied by reading matter in the form of verse. The court below overruled the protest as to the merchandise represented by these exhibits, and the importer appealed to this court.

It is argued by counsel for appellant that the books contain more reading matter than letters, numerals, or words descriptive of the pictures therein contained, and that, therefore, they are excluded from paragraph 1414. It is contended that they are properly dutiable under paragraph 1310.

It is conceded by the Government that it was the purpose of the Congress to limit the "toy books" provisions in paragraph 1414 to such as contained no reading matter other than letters, numerals, and words descriptive merely of pictures contained therein. It is contended, however, that the involved books are aptly described by the provisions in paragraph 1414, and are, therefore, excluded from paragraph 1310. It was conceded by counsel for the Government that if the books are not dutiable under paragraph 1414 they are dutiable under paragraph 1310.

In addition to the merchandise represented by Exhibits 1 to 16, inclusive, books represented by Exhibits 17 and 18 were also before the court below. The court held that the latter books contained more reading matter than letters, numerals, or descriptive words and that, therefore, they were excluded from paragraph 1414.

In sustaining the protest as to these books, the court below said:

Exhibit 17 is entitled "Cinderella" and contains the abbreviated fairy story of "Cinderella" beneath three colored pictures illustrating the story. There are also three pictures illustrating the story of "Little Red Riding Hood" printed below the pictures in abbreviated form. While the pictures in Exhibit 17 predominate over the reading matter, we think the fairy tales contained therein are somewhat more than words descriptive of the pictures.

There is not any doubt in our minds that Exhibit 18 does not fall within paragraph 1414. This exhibit is entitled "Grimm's Fairy Tales, Volume 2." About one-third of the book is taken up with the stories of "The Ginger-Bread House" and "Little Red Riding Book" [Hood]; the remainder with pictures.

As the Government did not appeal from the judgment of the court below, the books represented by Exhibits 17 and 18 are not involved in this appeal.

The court below referred to Exhibits 1, 4, and 12 as illustrative of Exhibits 1 to 16, inclusive, and with reference thereto said:

Exhibit 1 contains such pictures as a little child watering plants, with birds on a fence and with the descriptive verse beneath the picture:

Millie waters her pretty flowers,
To make them grow in the summer hours.
The little birds are friends, I know;
She fed them with crumbs in the winter snow.

Exhibit 4 has pictures like children watching a snail and the verse beneath:

What's this that is crawling with house on his back?
Its only a snail as you see by his track.

Exhibit 12's first picture is of a small boy sketching a little girl on a slate with the verse:

Stand still, please, and do not laugh,
And I will quickly make a sketch,
You'll like it very much I know,
Much better than a photograph.

In each of Exhibits 1 to 16, inclusive, the pictures are highly colored, and occupy about seven-eighths of each page, while the verse descriptive of the picture takes up about one-eighth or the remainder of the page.

Exhibits 1 to 16 clearly fall within the provision of paragraph 1414, quoted at the beginning of this opinion.

We are unable to concur in the conclusion reached by the trial court as to the merchandise represented by Exhibits 1 to 16, inclusive.

Paragraph 1414 is limited to "toy books *without reading matter* other than letters, numerals, or descriptive words." (Italics ours.) Toy books are designed to excite the interest of and to amuse children. The pictures contained therein are usually accompanied by letters, numerals, or words descriptive thereof. It would seem, from the language employed, that it was the purpose of the Congress to pro-

vide for books of that character in paragraph 1414.  In any event the provisions for "toy books" are plainly limited to such books as are without reading matter other than letters, numerals, or descriptive words.  Of course, the term "descriptive words" might be sufficiently comprehensive to include any narration.  However, it is evident from the language of paragraph 1414, especially when read in connection with the language of paragraph 1310, that the Congress intended to limit the provisions for "toy books" in paragraph 1414 to such as were without reading matter other than letters, numerals, or words descriptive merely of the pictures contained therein.  We do not mean to imply that the descriptive words may not be in the form of a sentence; that question is not before us.  We are of opinion, however, that books "for children's use," which contain more reading matter than letters, numerals, or words descriptive merely of the objects therein portrayed, are excluded from the provisions of para graph 1414.

As was stated by the court below, Exhibit 1 contains a picture of birds and other objects, and a child apparently in the act of watering plants.  Beneath the picture we find the following reading matter:

> Millie waters her pretty flowers,
> To make them grow in the summer hours
> The little birds are friends, I know;
> She fed them with crumbs in the winter snow.

The words "Millie waters her pretty flowers" are undoubtedly descriptive of a portion of the picture.  Other objects in the picture might have been described.  But when words are used to convey the idea that the watering of the flowers was to make them grow in the "summer hours," that the birds were friends of the little girl, and that she had "fed them with crumbs in the winter snow," the reading matter has been extended beyond words merely descriptive of the picture or of the objects contained therein.

As it has been conceded by counsel for the parties that the books represented by the exhibits are of the same class, what has been said here concerning the verse in Exhibit 1 applies to the reading matter in each of the other exhibits.

The language of paragraph 1414 ought not to be extended beyond the meaning therein plainly expressed.  We think the books are dutiable under paragraph 1310, and we so hold.

For the reasons stated the judgment is *modified*, being *affirmed* in so far as it relates to merchandise represented by Exhibits 17 and 18 and in all other respects *reversed*, and the cause is *remanded* for proceedings consistent with the views herein expressed.